IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

(Southern District of New York District Court
Case No. 1:09-cv-07023-LMM-DCF)

THE PENN MUTUAL LIFE INSURANCE
COMPANY,

    Plaintiff,

    -v-

IMPERIAL PREMIUM FINANCE, LLC,
IMPERIAL LIFE AND ANNUITY
SERVICES, LLC, AND IMPERIAL
FINANCE AND TRADING, LLC

    Defendants.

**PLAINTIFF THE PENN MUTUAL LIFE INSURANCE COMPANY'S MOTION FOR
CONTEMPT AND TO COMPEL IMPERIAL PREMIUM FINANCE, LLC
TO APPEAR FOR DEPOSITION AND TO PRODUCE DOCUMENTS**

    COMES NOW Plaintiff The Penn Mutual Life Insurance Company ("Penn Mutual"), by and through its undersigned counsel, and moves, pursuant to Federal Rules of Civil Procedure 37 and 45, for a finding of contempt and to compel Imperial Premium Finance, LLC, Imperial Life and Annuity Services, LLC, and Imperial Finance and Trading, LLC (collectively, "Imperial") to appear for deposition and to produce documents responsive to Penn Mutual's subpoenas.

**INTRODUCTION**

    This motion arises from Imperial's failure to comply with subpoenas for documents and for testimony served in connection with litigation pending in the United States District Court for the Southern District of New York (Case No. 1:09-cv-07023-LMM-DCF). Imperial designated David Manchester as Imperial's Rule 30(b)(6) corporate representative. But Mr. Manchester

was grossly ill-prepared to testify about the various topics that had been enumerated in the subpoenas – topics that are fundamental to Penn Mutual's claims and defenses asserted in the underlying litigation. Additionally, Mr. Manchester referred to various documents responsive to subpoenas served on Imperial that are within Imperial's possession, custody, or control, but that have not been produced to Penn Mutual. To date, Imperial has refused to produce the responsive documents and to produce a competent 30(b)(6) witness, necessitating this motion to compel or alternatively motion for contempt.

## FACTUAL BACKGROUND

The underlying litigation, which is pending in the United States District Court for the Southern District of New York, Civil Action No. 09 CV 7023-LMM, *The Penn Mutual Insurance Company v. Jacqueline Hudkins, et al.,* involves a life insurance policy issued by Penn Mutual to the 2007 Charlotte DeMaria Irrevocable Trust and insuring the life of Charlotte DeMaria. Among other things, Penn Mutual alleges that material misrepresentations were made to Penn Mutual in the application and related documents submitted to Penn Mutual for the purpose of obtaining the DeMaria policy. The misrepresentations involve, *inter alia*, the source of premiums for the DeMaria policy and the decision to enter into a premium financing agreement.

Imperial funded the premium payments for the DeMaria policy. Imperial's role in the procurement of the DeMaria policy is therefore central to Penn Mutual's claims in the litigation, and Penn Mutual is entitled to discovery regarding Imperial's role, including information concerning when and how Imperial was contacted as a potential premium financier.

In response to subpoenas served upon Imperial, *see* **Exhibit**s **A, B, C, D, and E**, Imperial produced certain documents and produced David Manchester as its 30(b)(6) corporate

representative to appear for deposition.[1] But Imperial's document production was deficient, and Mr. Manchester lacked fundamental knowledge about many of the topics enumerated on the subpoenas. By way of example, Mr. Manchester did not know what documents were obtained and reviewed by Imperial in its evaluation of the premium financing agreement for the DeMaria policy. Not only do such documents go to the heart of the transaction at issue in the underlying litigation, those documents are identified and referenced in other documents that Imperial has already produced. Yet Mr. Manchester could not even testify as to what the documents were.

Additionally, Penn Mutual learned through Mr. Manchester's testimony that Imperial has in its possession, custody, or control other documents that are responsive to the subpoenas served on Imperial. At the deposition, and by letter following the deposition, Penn Mutual requested Imperial to produce the responsive documents. Imperial refused and has not produced such documents to Penn Mutual.

In the underlying action in the Southern District of New York, the parties have entered into a Confidentiality Agreement. Pursuant to the terms of that Agreement, the Imperial deponent David Manchester unilaterally designated his own testimony as Confidential. Accordingly, to honor this Confidentiality designation, but without admitting the propriety of such designation, Penn Mutual has separately filed a Motion for Protective Order to File Documents in Support of Motion to Compel under Seal and has sought to file under seal the Deposition Testimony of David Manchester taken on February 23, 2011, referred to as **Exhibit G**, and the Testimony of David Manchester taken on April 14, 2011, referred to as **Exhibit H**, as well as a short memo setting forth the critical testimony placed at issue by this Motion. Penn Mutual incorporates that memo, to be filed under seal, in support of this Motion.

---

[1] Penn Mutual requests that this Court take judicial notice of this subpoena, as the subpoena is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b).

Penn Mutual has attempted in good faith to coordinate with Imperial to secure the deposition of a competent 30(b)(6) witness and to exchange the documents that Mr. Manchester referenced at his deposition, but Imperial has not budged. *See* **Exhibit F,** which has also been filed under seal to protect any alleged confidential information contained in Penn Mutual's counsel's letter to counsel for Imperial dated May 12, 2011. Indeed, Imperial outright failed to respond to Penn Mutual's latest effort to resolve its concerns. Accordingly, Penn Mutual hereby moves to compel Imperial to appear for deposition and to produce documents responsive to Penn Mutual's subpoenas. Penn Mutual also seeks an order pursuant to Federal Rule of Civil Procedure 37(a)(5), directing Imperial to pay the reasonable expenses, including attorneys' fees, incurred by Penn Mutual as a result of Imperial's failure to comply with the Federal Rules of Civil Procedure.[2]

## ARGUMENT AND AUTHORITIES

Penn Mutual moves for an order, pursuant to this Court's authority under Federal Rule of Civil Procedure 37(a)(3)(B)(i), compelling Imperial to produce a competent witness for deposition and to produce documents responsive to Penn Mutual's subpoena. Rule 37 provides that "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Court's authority under Rule 37 includes authority to compel a deposition. *See, e.g.*, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F. 2d 492, 494 n.4 (9th Cir. 1983).

Penn Mutual moves further that this Court, pursuant to its authority under Federal Rule of Civil Procedure 45(e), hold Imperial in contempt for failure to obey the subpoena. Rule 45

---

[2] Penn Mutual is aware of Southern District of Florida Local Rule 7.3B, and will submit an expert affidavit in support of its request for attorneys' fees and costs if the Court determines that such an affidavit is required.

provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." FED. R. CIV. P. 45(e).

Penn Mutual also invokes this Court's authority to award Penn Mutual's reasonable expenses incurred in traveling to Florida for the scheduled deposition and for making this Motion to Compel. Federal Rule of Civil Procedure 37(a)(5)(A) provides that "[i]f the motion is granted…the court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). Penn Mutual incurred significant expenses associated with the travel necessary to take the scheduled depositions and this Motion.

## PRAYER

For these reasons, Plaintiff Penn Mutual prays that the Court grant the foregoing Motion to Compel and compel Imperial to produce a competent witness for deposition and to produce additional responsive documents referred to by Imperial in its deposition. Penn Mutual further prays that it be awarded all expenses incurred by Penn Mutual related to the Imperial depositions, as well as all attorneys' fees incurred in preparing this Motion.

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues. Imperial continues to refuse to produce additional documents or produce a competent witness for deposition.

Dated:  July 14, 2011                    Pett Furman, PL
                                         2101 N.W. Corporate Blvd., Suite 316
                                         Boca Raton, FL 33431
                                         (561) 994-4311
                                         (561) 982-8985 fax

                                         By: s/Wendy L. Furman_____
                                             Wendy L. Furman, Esq.
                                             Fla. Bar No. 0085146
                                             wfurman@pettfurman.com

                                         *Attorneys for Plaintiff Penn Mutual Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 14th day of July, 2011, as follows:

Lisa Garn DeMaria (by e-mail)
219 E. 31st Street
New York, NY 10016
lisagarn@garngroup.com
*Pro Se Defendant in Hudkins Action*

Charlotte DeMaria (by U.S. Mail)
219 E. 31st Street
New York, NY 10016
*Pro Se Defendant in Hudkins Action*

Jesus E. Cuza, Esq. (by e-mail)
Brian Koch, Esq.
Greenberg Traurig, LLP
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
*Attorneys for Defendant Jacqueline M. Hudkins,
as trustee of the 2007 Charlotte DeMaria Irrevocable Trust*

Imperial Premium Finance, LLC,
Imperial Life and Annuity Services, LLC, and Imperial Finance and Trading, LLC (by US Mail)
c/o Christopher O'Reilly
701 Park of Commerce Blvd, Suite 301
Boca Raton, Florida 33487

                                         s/Wendy L. Furman_____
                                         Wendy L. Furman